**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Marvin Meschke,

Plaintiff,

v.

Civil No. 00-252 RHK/RLE
**ORDER**

L & M Radiator, Inc.,

Defendant.

---

Currently before the Court is the Plaintiff's Motion for Leave to Amend Plaintiff's Complaint to include a claim of retaliation pursuant to 29 U.S.C. § 623(d) (providing that an employer may not retaliate against an employee who opposes a practice made unlawful under the ADEA). Because an Answer was filed in this case, the Plaintiff may only amend his Complaint by leave of this Court. Although "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave will not be granted if there has been "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Bell v. Allstate Lif Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff filed this motion on May 25, 2001, approximately one week before a second trial in this case was scheduled to begin. Plaintiff has not put forth any new factual basis that would justify the delay in bringing this motion. Moreover, Plaintiff contemplated making this motion at the first trial when the issue of retaliation was first

FILED JUN 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

raised and did not make a motion to amend his Complaint at that time.

In addition to Plaintiff's undue delay, the Court finds that the Defendant would be unfairly prejudiced if leave to amend were granted. As stated previously, this motion came on the eve of trial; Defendant has not had the opportunity to conduct discovery or prepare to litigate the merits of Plaintiff's new legal theory. Accordingly, based on the foregoing and the reasons stated on the record, the Motion for Leave to Amend Plaintiff's Complaint is **DENIED**.

June 1, 2001

RICHARD H. KYLE
United States District Judge