**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Marvin Meschke,

Plaintiff,

Civil No. 00-252 RHK/RLE

v.

**ORDER**

L & M Radiator, Inc.,

Defendant.

---

Bruce C. Recher and Neil M. Kliebenstein, Henson & Efron, P.A., Minneapolis, Minnesota, for Plaintiff.

Barry A. O'Neil and Geraint D. Powell, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, Minnesota, for Defendant.

---

Currently before the Court are Defendant's Post-Trial Motions and Plaintiff's Motion for Attorneys' Fees and Costs. These motions follow the Court's July 30, 2001, Order for Judgment adopting the jury's June 7, 2001 verdict.

## I. Defendant's Post-Trial Motions

Defendant requests that the Court grant its motion for judgment as a matter of law or, alternatively, for a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. Defendant asserts that there was insufficient evidence to support the jury's finding that age was a motivating factor in its termination of Plaintiff. Additionally, Defendant contends that there was insufficient evidence to find that its actions constituted a willful violation of the ADEA; that the jury's award of $55,740 was excessive and given

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

under the influence of passion or prejudice; and that seven errors of law occurred at trial.

The Court has thoroughly reviewed both the evidence submitted at trial and the parties' memoranda and concludes that there was sufficient evidence and supporting legal authority for submission of the issues to the jury and the resulting verdict. The jury found that Defendant willfully violated the ADEA when it terminated Plaintiff's employment, and the Court sees no reason to disturb this finding. Furthermore, nothing in the record supports Defendant's assertion that the damages awarded Plaintiff, which were approximately one-third of the total amount requested, were given under influence of passion or prejudice.

Defendant also claims that the Court erred in submitting this case to the jury under a "mixed motive" theory, as opposed to the "pretext" theory. A mixed motive theory is appropriate when the Plaintiff offers direct evidence that an impermissible factor, such as age, was used in making an adverse employment decision. The Court determined, prior to submitting the case to the jury, that Plaintiff had presented sufficient direct evidence that L & M Radiator's decision to terminate him was motivated in part by his age. Plaintiff offered evidence that a decision-maker at L & M Radiator, who was involved in the decision to terminate Plaintiff, stated that Plaintiff's replacement would be "younger and cheaper," that the normal retirement age is sixty-five unless you have the advantage of owning the company, and that the "old guard" was making room for the "new guard." In addition to this evidence, Plaintiff introduced at trial a letter from L & M Radiator

stating that the reason for his termination was that "[a]t the time you were hired, you stated that you did not wish to work beyond your 65th birthday . . . . We acted in reliance on your stated intention." Based on this evidence, the Court instructed the jury under a mixed motive theory. The Court has considered Defendant's arguments on this issue and is not persuaded that the case should have been submitted under another theory.[1]

The Court is satisfied that the remaining claims of error were sufficiently addressed at trial and finds that no useful purpose would be served by a detailed review of the evidence or the legal arguments surrounding these claims. Accordingly, Defendant's post-trial motions will be denied.

## II. Plaintiff's Motion for Attorneys' Fees and Costs

Plaintiff requests attorneys' fees in the amount of $176,626 and costs of $13,755. The Court has reviewed the fee application and finds that (1) Plaintiff was a prevailing party, (2) the hourly rate was reasonable, and (3) the activities enumerated, and the time expended, as set forth in the Affidavit of Bruce C. Recher, were reasonable. Notwithstanding the foregoing, the motion for fees and costs do not properly and accurately reflect "the relationship between the amount of the fee [requested] and the results obtained." See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Plaintiff's actual award was for one-third the amount requested. Moreover, the

---

[1] The Court notes that in the first trial, in which the jury was dead-locked, the Defendant did not specifically object to submitting the case under a mixed motive theory.

Court denied the Plaintiff's request for prejudgment interest and for front pay. Accordingly, based on the fact that Plaintiff was only partially successful in this case, the Court does not believe that an award of the total amount of attorneys fees would be appropriate. The Court will make an equitable adjustment and award attorneys' fees in the amount of $100,000.

As for Plaintiff's motion for costs in the amount of $13,755, the Court makes the following adjustments:

(a) reduce the award by $3,002 for Westlaw research;

(b) reduce the award by $1,229.50 for copies of transcripts for the depositions of Kari Olson; Jeannie Hamilton; Darrell Niemi, Joan Hunerberg, and Joan Revels;

(c) reduce the award by $780, the cost of copying documents sent by Plaintiff's counsel to Plaintiff; and

(d) reduce the award by $346.98 for last minute courier/messenger fees.

Upon all the files records, and proceedings herein, **IT IS ORDERED** that Defendant's Post-Trial Motions (Doc. No. 70) are **DENIED**; Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 67) is **GRANTED IN PART**, and Plaintiff is awarded $100,000 as attorneys' fees and $8,396.52 as costs, against Defendant.

September 17, 2001

RICHARD H. KYLE
United States District Judge

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500